# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOHN MCNEW,

      **Plaintiff,**

v.

      Case No. 1:05-CV-108
      Hon. Gordon J. Quist

GLEN LEMON and
JOHN ADAIR,

      **Defendants.**

                               /

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' motion to dismiss and for summary judgment (docket no. 10).

### I.  BACKGROUND

Plaintiff sets forth the following allegations in his Complaint. Plaintiff was placed in an observation cell on September 4, 2004. Comp. at ¶ 1. On September 14th, plaintiff filed a grievance against defendants Lemon and Adair "for keeping him in a cell with a non-working toilet for 9 days after [RUM] Lemon was appraised of the problem." *Id.* at ¶¶ 2-3. Plaintiff advised Lemon of the problem on September 7th, 8th and 10th. *Id.* at ¶ 2. He also advised Adair of the problem on September 7th, 8th and 10th. *Id.* at ¶ 3. Plaintiff contends that Lemon and Adair were deliberately indifferent to his basic human needs, that they should have remedied the problem to ensure that plaintiff had "the minimal Civilized measure of life's necessities namely proper sanitation," and that

this action violated his Eighth Amendment rights. *Id.* at ¶ 10. Plaintiff seeks compensatory and punitive damages in the amount of $250,000. *Id.* at p. 6.

## II.   Discussion

### A.   Standard of review for summary judgment

Defendants have moved for summary judgment pursuant to Fed. Rules Civ. Proc. 56(b).[1] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving

---

[1] In the alternative, defendants seek to dismiss this action because plaintiff failed to exhaust administrative remedies against defendant Adair. *See* 42 U.S.C. § 1997e.  However, pursuant to § 1997e(c)(2), "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." *See Sarah v. Thompson*, 109 Fed. Appx. 770, 771-72 (6th Cir. 2004) (affirming district court's grant of summary judgment against prisoner without requiring prisoner to exhaust administrative remedies pursuant to § 1997e); *Hayes v. Berghuis*, 40 Fed. Appx. 18, 20 (6th Cir. 2002) (same).  This appears to be the appropriate approach in this case.

party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B. Plaintiff's Eighth Amendment claim

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

In order to violate the Eighth Amendment, conditions of confinement must constitute the "unnecessary and wanton infliction of pain" and deny the inmate the "minimal civilized measure of life's necessities." *Wilson v Seiter*, 501 U.S. 294, 298 (1991), quoting from *Rhodes v. Chapman*, 452 U.S. 337, 346-347 (1981). A viable Eighth Amendment claim consists of an objective and a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the alleged deprivation must be "sufficiently serious," *Farmer*, 511 U.S. at 834, and must involve "serious deprivations of basic human needs." *Rhodes*, 452 U.S. at 347. The subjective component requires that the defendant act with deliberate indifference to the inmate's health or safety. *See Wilson*, 501 U.S. at 302-03. Under this standard, "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety" *Farmer*, 511 U.S. at 837.

Viewing the pleadings, affidavits and other records in this case in the light most favorable to plaintiff, the court concludes that he has failed to establish an Eighth Amendment violation. It is undisputed that plaintiff did not have the ability to flush his own toilet for nine days. However, nothing in the record suggests that he was deprived of basic human needs during that time period. In his affidavit, defendant Adair states that the toilet was shut off for inside access due to a toilet leak, that plaintiff was provided with water inside his cell for his personal use, that he was provided with other necessities such as showers, that the toilet was flushed from the outside by staff on regular rounds, and that "[a]t no time was the toilet inoperable from both sides of the hallway." Adair Aff. at ¶¶ 6-8. Defendant Lemon states in his affidavit, that "unit officers would flush plaintiff's toilet from the control closet on rounds as necessary," that rounds were made every 30 minutes, and that "[u]pon request, the unit officers flushed the toilet from the control closet." Lemon Aff. at ¶¶ 5-6.

In his "Declaration in opposition to defendants' motion for summary judgment," plaintiff does not contradict defendants' sworn statements. While plaintiff vaguely refers to his toilet as "not functioning" and "non-working," he does not address the statements made by defendants Adair and Lemon that his corrections officer could, and did, flush his toilet. Plaintiff's Declaration at ¶¶ 2, 5-8. On the contrary, in a Step I grievance dated September 13, 2004, plaintiff admits that while he could not flush his toilet, the corrections officers could flush it for him. *See* Grievance URF 04-09-1912-22C attached to defendants' brief as Exh. C  (stating in pertinent part "I explained to R.U.M. Lemon . . . that my toilet dont [sic] flush & I have to beg CO[']s to climb into a closet and flush it for me which is [easier] said than done").

4

At most, plaintiff was deprived of the ability to flush his own toilet for nine days. No doubt plaintiff found this inconvenient and disliked the fact that he had to rely on corrections officers to flush the toilet for him.  However, this condition was not sufficiently serious to constitute cruel and unusual punishment under the Eighth Amendment.  The inability to flush one's toilet on demand, while potentially unpleasant, is not a serious deprivation of a basic human need. Inconvenience is considered part of the penalty criminal offenders pay for their offenses against society.  *Rhodes*, 492 U.S. at 347.  *See, e.g., Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (while plaintiff suffered considerable unpleasantness for five days in a "filthy, roach-infested cell," such conditions did not amount to an Eighth Amendment violation); *Odom v. Keane*, No. 95 Civ. 9941(SS), 1997 WL 576088 at *4-6 (S.D.N.Y. Sept. 17, 1997) (court declined to find Eighth Amendment violation when prisoner's toilet functioned approximately 12 hours per day, noting that this was "time enough to dispose of plaintiff's bodily wastes").  For these reasons, I find plaintiff has failed to state a claim under § 1983.

### III.     RECOMMENDATION

Accordingly, I respectfully recommend that defendants' motion for summary judgment (docket no. 10) be **GRANTED,** and plaintiff's claim dismissed.

Dated:  November 7, 2005               /s/ Hugh W. Brenneman, Jr.
                                       Hugh W. Brenneman, Jr.
                                       United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).