UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN MCNEW,

       Plaintiff,

v.                                          Case No. 1:05-CV-108

GLEN LEMON and                      HON. GORDON J. QUIST
JOHN ADAIR,

       Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated November 7, 2005, in which Magistrate Judge Brenneman recommended that Defendants' motion to dismiss and for summary judgment be granted. Plaintiff alleges that Defendants violated his Eighth Amendment rights by housing him for nine days in a cell with a toilet that he was unable to flush. The magistrate judge concluded that Plaintiff's complaint should be dismissed because Plaintiff's inability to flush his own toilet for nine days was not a sufficiently serious deprivation to constitute cruel and unusual punishment under the Eighth Amendment. (Report & Recommendation at 5.) The magistrate judge also noted that Defendants presented evidence that although the toilet was shut off for inside access due to a leak, prison staff flushed the toilet from outside the cell during regular rounds – about every thirty minutes. (Id. at 4.) Thus, the toilet was operable from outside of the cell and was flushed when necessary. (Id.) After conducting a de novo review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

In his Objections, Plaintiff contends that his claim rises to the level of an Eighth Amendment violation because it is undisputed that he was put in a cell with a non-working toilet and he claims that the toilet was not flushed by staff on regular rounds as needed, as Defendants claim, but instead went unflushed for days, forcing Plaintiff to endure the stench of bodily waste for days at a time. Plaintiff's argument fails because Plaintiff did not include these facts in his sworn declaration in opposition to Defendants' motion for summary judgment.  That is, Plaintiff did not dispute Defendants' factual assertions that staff would flush his toilet from the water control closet as necessary.  Moreover, Plaintiff concedes that staff did flush his toilet at times during the nine day period.  As the magistrate judge noted, while the inability to flush one's toilet for periods of time is inconvenient and certainly not enjoyable, it is one of the incidents of prison life that criminal offenders must expect in the prison setting.  Plaintiff had drinking water and was provided showers during the nine-day period when the water in his cell was shut off, and staff flushed his toilet when necessary.  Because Plaintiff was not deprived of basic human needs, his claim must fail.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 7, 2005 (docket no. 19) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion To Dismiss or Alternative Motion For Summary Judgment (docket no. 10) is **GRANTED.**

This case is **concluded**.


Dated: January 27, 2006              /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE